# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| NEW CENTURY HEALTH QUALITY ALLIANCE, INC., et al., )<br>)<br>Plaintiffs. )<br>)<br>v. )<br>)<br>HUMANA HEALTH PLAN, INC., et al., )<br>)<br>Defendants. ) | Case No. 05-0313-CV-W-GAF |

## ORDER

Presently before this Court is a Motion to Voluntarily Dismiss All Counterclaims Without Prejudice filed by the Defendants, Humana Health Plan, Inc. and Humana Insurance Company ("Humana"). (Doc. #30). Humana filed this Motion pursuant to Fed. R. Civ. P. 41(a)(2) seeking a voluntary dismissal of its counterclaims without prejudice to future actions. Id. The Plaintiffs, New Century Health Quality Alliance, Inc. ("New Century") and Prime Care of Northeast Kansas, LLC ("Prime Care"), oppose this Motion. (Doc. #31). Upon careful consideration of the facts and arguments presented by the parties, Humana's Motion to Voluntarily Dismiss All Counterclaims Without Prejudice is GRANTED.

## DISCUSSION

**I.     Facts**

New Century and Prime Care are "Independent Practice Associates" comprised of physicians who provide medical services to patients. (Doc. #4). Humana is a collection of entities that constitutes a Missouri health maintenance organization or "HMO." (Doc. #6). Humana contracted with New Century

1

and Prime Care to provide primary care medical services for its members in the Kansas City metropolitan area. (Doc. #1, Attach. A). These contracts provided New Century and Prime Care monthly capitated compensation along with certain fee for service carve-outs for covered Humana HMO and Medicare members. Id.

New Century and Prime Care filed this action seeking an injunction to prevent Humana from terminating its contracts with New Century and Prime Care. Id. In response, Humana filed an Answer asserting various counterclaims for alleged violations of federal antitrust laws. (Doc. #8). New Century and Prime Care filed a Reply Humana's counterclaims. (Doc. #17). On June 15, 2005, this Court granted a joint Motion to Stay All Proceedings Until June 28, 2005. (Doc. #23). On July 6, 2005, pursuant to the request of the parties, this Court extended the stay until September 1, 2005. (Doc. #25).

Subsequent to filing its counterclaims in this action, Humana filed counterclaims against New Century and Prime Care in two separate lawsuits brought by New Century, Prime Care, and other physicians or physicians groups in Kansas and Missouri: New Century Health Quality Alliance, Inc., et al. v. Blue Cross and Blue Shield of Kansas City, Inc., et al., Case No. 05-0555-CV-W-SOW; Prime Care of Northeast Kansas, LLC, et al. v. Blue Cross and Blue Shield of Kansas City, Inc., et al., Case No. 05-CV-02227-KHV-DJW. (Doc. #30). Humana contends that, for reasons of efficiency and conservation of judicial resources, it presently seeks to pursue its claims against New Century and Prime Care in these related actions, rather than in the present action. Id.

New Century and Prime Care oppose Humana's Motion arguing that Humana's Motion is "simply legal gamesmanship." (Doc. #31). New Century and Prime Care further argue that Humana has failed to offer a sufficient explanation for its need to voluntarily dismiss its claims. Id. Finally, New Century and

2

Prime Care contend that they will be prejudiced by the additional expense they will incur in defending Humana's counterclaims in the other related actions. Id.

## II. Standard and Legal Analysis

Humana seeks to voluntarily dismiss its counterclaims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) ("Rule 41(a)(2)"). Rule 41(a)(2) governs the voluntary dismissal of an action where an answer has been served and provides, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." The grant or denial of a voluntary dismissal under Rule 41(a)(2) is committed to the sound discretion of the trial court and is reviewable only for an abuse of that discretion. Paulucci v. City of Duluth, 826 F.2d 780, 782-83 (8th Cir. 1987).

Rule 41(a)(2) is aimed at preventing voluntary dismissals which would unfairly affect the defendant. Paulucci, 826 F.2d at 782. Accordingly, Rule 41(a)(2) authorizes dismissals without prejudice at the request of the plaintiff "unless the defendant would suffer some plain legal prejudice." New York, C. & St. L.R. Co. v. Vardaman, 181 F.2d 769, 770 (8th Cir. 1950). A plaintiff is entitled to a voluntary dismissal where the only prejudice suffered by the defendant is a subsequent lawsuit. Paulucci, 826 F.2d at 782.

The Eighth Circuit has identified four factors for courts to consider when determining the propriety of a voluntary dismissal pursuant to Rule 41(a)(2):

> (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, (4) the fact that a motion for summary judgment has been filed by the defendant.

O'Reilly v. R.W. Harmon & Sons, Inc., 124 F.R.D. 639, 640 (W.D. Mo. 1989) *quoting* Paulucci, 826 F.2d at 783.

In the present case, Humana seeks to voluntarily dismiss its counterclaims without prejudice pursuant to Rule 41(a)(2) and pursue its counterclaims against New Century and Prime Care in the pending related actions in Kansas and Missouri. New Century and Prime Care oppose this dismissal on the grounds that Humana's Motion is "simply legal gamesmanship," Humana's explanation for the dismissal is insufficient and New Century and Prime Care will be prejudiced by the dismissal. This Court finds, upon consideration of the four factors articulated in Paulucci, that New Century and Prime Care will not suffer any prejudice beyond defending Humana's counterclaims in the pending related actions.

First, the effort and expense exerted by New Century and Prime Care in preparation for trial in the present lawsuit is minimal. On May 17, 2005, Humana asserted its counterclaims against New Century and Prime Care. On June 15, 2005, this Court granted the parties' jointly filed motion to stay the proceedings. The proceedings were ultimately stayed until September 1, 2005. Humana filed this Motion within two weeks of the stay being lifted. As a consequence of the repeated stays, a scheduling order has not been entered in this matter and the parties have not made their initial disclosures. According to the record, New Century and Prime Care's defense of Humana's counterclaims have been limited to filing an Answer (Doc. #17), a motion to dismiss Humana's counterclaims or, alternatively, compel arbitration of Humana's counterclaims (Doc. #18), and opposing the present Motion (Doc. #31). As New Century and Prime Care have exerted only minimal effort and expense in defending Humana's counterclaims, they will not suffer sufficient legal prejudice to justify denying Humana's Motion.

4

Second, Humana has not excessively delayed or failed to diligently prosecute this action. As noted above, Humana filed this Motion within two weeks of the lifting of the jointly requested stay. As the record does not reveal any dilatory behavior by Humana, this Court cannot deny Humana's Motion on the grounds that Humana excessively delayed or failed to diligently prosecute this action.

Third, Humana has sufficiently explained its desire to voluntarily dismiss its counterclaims. Rather than pursue its counterclaims in the present action, Humana seeks to pursue its antitrust claims against New Century and Prime Care in the pending related actions in Kansas and Missouri. This is a strategic choice made by Humana. As Humana is entitled to this strategic choice, this Court concludes that Humana has sufficiently explained its need to take a voluntary dismissal.

Finally, neither New Century nor Prime Care has filed a motion for summary judgment in this case which would preclude granting a dismissal without prejudice. Presently, the parties have not even made initial disclosures or filed a scheduling order. Clearly, Humana's counterclaims have not progressed to a point where New Century and Prime Care would be legally prejudiced by a dismissal without prejudice pursuant to Rule 41(a)(2).

## **CONCLUSION**

The four Paulucci factors weigh heavily in favor of granting Humana's Motion to Voluntarily Dismiss All Counterclaims Without Prejudice. New Century and Prime Care have not invested significant effort and expense in defending Humana's antitrust counterclaims. There is no evidence that Humana's prior behavior has caused excessive delay or demonstrates a lack of diligence in pursuing its claims. Furthermore, Humana has articulated a sufficient reason for this dismissal. Accordingly, Humana's Motion to Voluntarily Dismiss All Counterclaims Without Prejudice is GRANTED.

**IT IS SO ORDERED.**

                                                          /s/ Gary A. Fenner
                                                          GARY A. FENNER, JUDGE
                                                           United States District Court

DATED:    October 24, 2005